<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ABIRA MEDICAL LABORATORIES, LLC d/b/a GENESIS DIAGNOSTICS,<br><br>Plaintiff,<br><br>v.<br><br>IATSE NATIONAL BENEFIT FUNDS OFFICE – LOCAL 1 AND THEIR AFFILIATES, *et al.*,<br><br>Defendants. | Civil Action No. 23-21379 (GC) (JBD)<br><br><u>**MEMORANDUM ORDER**</u> |

<u>**CASTNER, District Judge**</u>

**THIS MATTER** comes before the Court upon Defendant I.A.T.S.E. National Health and Welfare Fund's[1] Motion to Dismiss the Second Amended Complaint (SAC) pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). (ECF No. 14.) Plaintiff opposed, and Defendant replied. (ECF Nos. 17, 19.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendant's Motion is **DENIED** as moot. The case shall be **REMANDED** to the Superior Court of New Jersey, Law Division, Mercer County, for lack of subject-matter jurisdiction.

---

[1] Defendant contends that it was improperly pled as "IATSE NATIONAL BENEFIT FUNDS OFFICE - LOCAL 1." (ECF No. 1 at 1 n.1.)

I.     **BACKGROUND**[2]

Plaintiff filed suit against Defendant (as well as unnamed affiliates) in the Superior Court of New Jersey, Mercer County, in July 2023 for "refus[ing] to pay and/or underpaying claims submitted by Plaintiff" for "services rendered by the Plaintiff to Defendant['s] subscribers and/or members."  (ECF No. 1-1 ¶¶ 33-35.)  Plaintiff's original Complaint contained seven state-law counts: Count One for breach of contract; Count Two for breach of the implied covenant of good faith and fair dealing; Count Three for fraudulent misrepresentation; Count Four for negligent misrepresentation; Count Five for equitable and promissory estoppel; Count Six for quantum meruit/unjust enrichment; and Count Seven for alleged violations of the New Jersey Consumer Fraud Act (NJCFA).  (*Id.* ¶¶ 29-79.)

After Defendant moved to dismiss the original Complaint in state court, Plaintiff filed an Amended Complaint on September 26, 2023.  (ECF No. 1 ¶ 4.)  The Amended Complaint did not assert a claim under the NJCFA but sought relief under the same remaining common-law claims as the original Complaint.  (*See id.*)  The Amended Complaint also sought relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq.*, although it did not bring a separate cause of action under ERISA.  (*See generally* ECF No. 1-4.)  On October 23, 2023, Defendant removed the state-court action to this Court based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.  (ECF No. 1.)  In its Notice of Removal, Defendant wrote that it is an "'employee benefit plan' within the meaning of" ERISA.  (*Id.* ¶¶ 7, 9 ("The Fund . . . is a tax-exempt trust and multiemployer employee benefit fund governed by ERISA.").)  Defendant

---

[2]     This is one of more than forty cases that Plaintiff Abira Medical Laboratories, LLC, has filed in the United States District Court for the District of New Jersey or had removed here from the Superior Court of New Jersey since June 2023.  In each of the lawsuits, Plaintiff generally alleges that it was denied reimbursement for providing laboratory testing services.

2

asserted that removal was proper because Plaintiff's invocation of ERISA raises a federal question and that its "claim under ERISA [s]ection 502(a)(3) . . . is within the exclusive jurisdiction of the district courts of the United States." (*Id.* ¶ 11.)

On November 16, 2023, this Court granted Plaintiff leave to file an amended complaint. (ECF No. 6.) On November 29, 2023, Plaintiff filed the SAC, which is the operative pleading. (ECF No. 7.) Plaintiff alleges that Defendant owes $55,006.00 for over 720 unpaid claims. (*Id.* ¶¶ 36-37.) Plaintiff asserts seven state-law causes of action: Count One for breach of contract; Count Two for breach of the implied covenant of good faith and fair dealing; Count Three for fraudulent misrepresentation; Count Four for negligent misrepresentation; Count Five for promissory estoppel; Count Six for equitable estoppel; and Count Seven for quantum meruit/unjust enrichment. (*Id.* ¶¶ 48-96.) Plaintiff also seeks relief under ERISA "[t]o the extent the contracts relevant to the underlying claims are governed by ERISA" and asserts that this Court has jurisdiction "pursuant to the issue(s) involving federal statutes." (*Id.* ¶¶ 13, 32.) Plaintiff claims to be an "authorized representative" on behalf of the insureds/claimants pursuant to 29 C.F.R. § 2560.503-1(b)(4) and alleges that "the insureds/claimants designated [Plaintiff] as their assignee, as evidenced by the insureds/claimants providing their insurance information to [Plaintiff]." (*Id.* ¶¶ 33-34.)

After Plaintiff filed the SAC, Defendant moved to dismiss. (ECF No. 14.) Among various arguments, Defendant contends that the seven state-law claims are preempted by ERISA because they "all rely upon and require the interpretation of ERISA Plan documents." (ECF No. 14-3 at 25-28. [3]) Defendant also argues that "because the Plans contain a valid and enforceable anti-

---

[3] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

assignment provision that prohibits and voids any assignment of benefits to Plaintiff," Plaintiff "cannot demonstrate that it has valid assignments" from any individual insureds/claimants. (*Id.* at 23.) According to Defendant, "[t]his renders Plaintiff without standing to bring claims under ERISA [s]ection 502." (*Id.*) Defendant has also provided the Court with copies of Defendant's summary plan descriptions for its two plans, which contain an anti-assignment provision. (ECF No. 14-5 at 6; ECF No. 14-6 at 6.) Upon review of the pleadings and Defendant's Motion to Dismiss, the Court ordered the parties to show cause as to why the matter should not be remanded for lack of subject-matter jurisdiction. (ECF No. 21.) The parties thereafter filed supplemental briefs. (ECF Nos. 23, 24.)

## II.  LEGAL STANDARD

It is elemental that federal courts, unlike state courts, are courts of "limited jurisdiction, possessing 'only that power authorized by Constitution and statute.'" *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 142 (3d Cir. 2017), *as amended* (Apr. 19, 2017) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "[I]n removed cases, '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.'" *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (quoting 28 U.S.C. § 1447(c)). Indeed, a district court "must" dismiss an action "[i]f the court determines *at any time* that it lacks subject-matter jurisdiction." Rule 12(h)(3) (emphasis added). The removal statute is to be "strictly construed against removal." *Samuel-Bassett*, 357 F.3d at 396 (citation omitted); *see also Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985) ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand.").

4

### III. DISCUSSION

The Court must remand this case to the Superior Court of New Jersey for lack of subject-matter jurisdiction. Because the amount in controversy, $55,006.00, is less than the $75,000.00 threshold for diversity jurisdiction,[4] *see* 28 U.S.C. § 1332, the only basis for subject-matter jurisdiction over the seven state-law causes of action is "complete preemption" under ERISA. However, Defendant has not met its burden to establish that Plaintiff's claims are completely preempted by ERISA because the SAC does not allege that Plaintiff is the type of party that can bring a claim under ERISA. In other words, this Court lacks subject-matter jurisdiction because Plaintiff is not a "participant" or "beneficiary" of an ERISA plan, nor has Plaintiff plausibly alleged that it has derivative standing through an assignment from an ERISA plan participant or beneficiary.

The well-pleaded complaint rule states that "a cause of action 'arises under' federal law, and removal is proper, only if a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 353 (3d Cir. 1995) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9-12 (1983)). There is, however, a "narrow exception to the well-pleaded complaint rule for instances where Congress has expressed its intent to 'completely pre-empt' a particular area of law such that any claim that falls within this area is 'necessarily federal in character.'" *In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3d Cir. 1999) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987)). Congress has recognized that complete preemption applies to section 502(a) of

---

[4] Although Plaintiff also seeks attorney's fees, such fees "do not generally constitute part of the amount in controversy because the successful party typically does not collect its attorney's fees" unless "their payment is provided for by the terms of an underlying contract." *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 397 n.11 (3d Cir. 2016). There is no suggestion here that attorney's fees are provided for in an underlying contract.

5

ERISA.  *See N.J. Carpenters & the Trustees Thereof v. Tishman Const. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014).

Under ERISA, the term "'preemption' is used . . . in more than one sense." *In re U.S. Healthcare, Inc.*, 193 F.3d at 160.  The two forms of ERISA preemption are "complete preemption" under section 502(a) and "ordinary preemption" under section 514(a).  *Joyce v. RJR Nabisco Holdings Corp.*, 126 F.3d 166, 171-72 (3d Cir. 1997).  "[C]omplete preemption operates to confer original federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the complaint." *In re U.S. Healthcare, Inc.*, 193 F.3d at 160.  Phrased differently, if ERISA completely preempts a state law cause of action, a matter may be removed to federal court on that basis alone, "even if the well-pleaded complaint rule is not satisfied." *Joyce*, 126 F.3d at 171.

To determine if state-law claims are "completely preempted" by ERISA, making removal appropriate, courts in this Circuit apply the two-pronged test outline in *Pascack Valley Hospital v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004), *as amended* (Dec. 23, 2004).  Pursuant to *Pascack Valley*, section 502 of ERISA completely preempts state-law claims only if: "(1) the plaintiff could have brought the claim under [section] 502(a); and (2) no other independent legal duty supports the plaintiff's claim." *N.J. Carpenters & the Trustees Thereof*, 760 F.3d at 303 (citation omitted).  "Because the test is conjunctive, a state-law cause of action is completely preempted only if both of its prongs are satisfied." *Id.*

Defendant, as the removing party, "bears the burden of establishing [that] both prongs" are met.  *Atl. Shore Surgical Assocs., P.C. v. UnitedHealth Grp., Inc.*, Civ. No. 23-2359, 2024 WL 1704696, at *3 (D.N.J. Apr. 19, 2024) (quoting *Progressive Spine & Orthopaedics, LLC v. Anthem Blue Cross Blue Shield*, Civ. No. 17-536, 2017 WL 4011203, at *5 (D.N.J. Sept. 11, 2017))

6

(alteration in original).  When considering preemption, district courts may "look beyond the face of the complaint to determine whether a plaintiff has artfully pleaded his suit so as to couch a federal claim in terms of state law." *N. Jersey Brain & Spine Ctr. v. MultiPlan, Inc.*, Civ. No. 17-05967, 2018 WL 6592956, at *4 (D.N.J. Dec. 14, 2018) (quoting *Pascack Valley Hosp.*, 388 F.3d at 400).

### A.     Prong One of the *Pascack Valley* Test

Under *Pascack Valley*'s first prong, a defendant claiming that state-law claims are completely preempted by ERISA must satisfy two inquiries: (1) the defendant must demonstrate that "the plaintiff is the type of party that can bring a claim [for benefits] pursuant to [s]ection 502(a)(1)(B)" of ERISA; and (2) the defendant must demonstrate that "the *actual claim* that the plaintiff asserts can be construed as a colorable claim for benefits pursuant to [s]ection 502(a)(1)(B)." *Progressive Spine & Orthopaedics, LLC*, 2017 WL 4011203, at *5 (emphasis in original) (citations omitted).

Here, Plaintiff is a medical provider, not a "participant" or "beneficiary" of an ERISA plan entitled to sue for benefits under ERISA as of right. *See BrainBuilders, LLC v. Aetna Life Ins. Co.*, Civ. No. 17-03626, 2024 WL 358152, at *5 (D.N.J. Jan. 31, 2024) ("Typically, 'standing to sue under ERISA is limited to participants and beneficiaries.'" (quoting *Prestige Inst. for Plastic Surgery, P.C. o/b/o S.A. v. Horizon Blue Cross Blue Shield of N.J.*, Civ. No. 20-3733, 2021 WL 4206323, at *3 (D.N.J. Sept. 16, 2021)).  "Nevertheless, '[h]ealthcare providers that are neither participants nor beneficiaries in their own right may obtain derivative standing by assignment from a plan participant or beneficiary.'" *Id.* (quoting *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015)).

Plaintiff, however, does not adequately allege that it has derivative standing to assert a claim for benefits under section 502(a)(1)(B) to completely preempt the state-law claims.  In its

7

SAC, Plaintiff alleges that it is an "authorized representative" pursuant to 29 C.F.R. § 2560.503-1(b)(4), but courts have held that the regulation "is limited to internal appeals," not civil actions for benefits. (ECF No. 7 ¶ 33.) *Prestige Inst. for Plastic Surgery, P.C. o/b/o S.A.*, 2021 WL 4206323, at *3; *Cooperman v. Horizon Blue Cross Blue Shield of N.J.*, Civ. No. 19-19225, 2020 WL 5422801, at *3 (D.N.J. Sept. 10, 2020) ("This [c]ourt has repeatedly held that this regulation applies only to internal claims and appeals, not to federal lawsuits brought after the plan member exhausts those appeals.").[5]

Plaintiff also alleges that Defendant's "insureds/claimants designated [Plaintiff] as their assignee, as evidenced by the insureds/claimants providing their insurance information to [Plaintiff], for the purpose of [Plaintiff] filing claims with the Defendants for payment of lab tests." (See ECF No. 7 ¶ 34.) But an insured merely providing their insurance information to a medical provider does not, absent some indication that the insured in fact authorized the right to payment to the provider, establish an assignment of benefits for the provider to sue for payment on the insured's behalf. *See Minisohn Chiropractic & Acupunture Ctr., LLC v. Horizon Blue Cross Blue Shield of New Jersey*, Civ. No. 23-0134, 2023 WL 8253088, at *3 (D.N.J. Nov. 29, 2023) ("[D]istrict courts in the Third Circuit have ruled that a healthcare provider ordinarily must identify a specific patient(s) who has assigned their claim(s) for benefits as well as factual matter that indicates that the provider is proceeding pursuant to an appropriate assignment, such as a copy of

---

[5] This view is shared by courts outside of this district. *See, e.g.*, *OSF Healthcare Sys. v. SEIU Healthcare IL Pers. Assistants Health Plan*, 671 F. Supp. 3d 888, 891-92 (N.D. Ill. 2023) ("[I]n the regulations governing ERISA, 29 C.F.R. § 2560.503-1(b)(4) expressly allows authorized representatives like OSF to file *internal* claims and appeals but, importantly, does not confer standing to authorized representatives to pursue civil actions against a plan."); *Park Ave. Aesthetic Surgery, P.C. v. Empire Blue Cross Blue Shield*, Civ. No. 19-9761, 2021 WL 665045, at *7 (S.D.N.Y. Feb. 19, 2021) ("[A] medical provider's status as an Authorized Representative does not . . . independently provide a cause of action pursuant to ERISA.").

the assignment(s) at issue, the relevant language from the assignment(s), or some other evidence of the scope of the assignment(s)."); *see also N. Jersey Brain & Spine Ctr.*, 801 F.3d at 372 ("[W]hen a patient assigns payment of insurance benefits to a healthcare provider, that provider gains standing to sue for that payment under ERISA § 502(a).").

Taken together, the SAC rests on conclusory or vague references to "the insureds/claimants assign[ing Plaintiff the right] to collect on their behalf," (ECF No. 7 ¶ 54), without any facts to support that there was a valid assignment of benefits. Defendant contends that courts "in this Circuit have found allegations that a provider plaintiff was assigned the right to reimbursement to be sufficient for removal purposes, which Plaintiff has asserted in the SAC." (ECF No. 22 at 4 (citing *Premier Health Ctr., P.C. v. UnitedHealth Grp.*, Civ. No. 11-425, 2012 WL 1135608, at *7 (D.N.J. Apr. 4, 2012); *Sportscare of Am., P.C. v. Multiplan, Inc.*, Civ. No. 10-4414, 2011 WL 223724, at *3-4 (D.N.J. Jan. 24, 2011)).) But for purposes of establishing subject-matter jurisdiction, courts in this district have held that a complaint's "[v]ague references" to "a purported assignment of benefits," without more, are insufficient to establish complete preemption under ERISA at the removal stage. *See N. Jersey Ctr. for Surgery, P.A. v. Horizon Blue Cross Blue Shield of N.J., Inc.*, Civ. No. 07-4812, 2008 WL 4371754, at *4 (D.N.J. Sept. 18, 2008) (granting the plaintiff's motion to remand because the plaintiff's vague "assertion of an assignment in its [c]omplaint" could not "satisfy a defendant's burden of establishing jurisdiction for the purposes of removal"); *MedWell, LLC v. CIGNA Healthcare of N.J., Inc.*, Civ. No. 13-3998, 2013 WL 5533311, at *3-4 (Oct. 7, 2013) (granting a motion to remand because the removing defendants relied only on the plaintiff's "vague" allegations that the insured had assigned his rights).

9

Requiring the removing party to bear the "burden of establishing the existence of an assignment"[6] beyond a pleading's conclusory allegations reflects the reality that a "lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile," and "remand will avoid the possibility of a later determination that the district court lacked jurisdiction."[7]  *See, e.g., Pascack Valley Hosp.*, 388 F.3d at 400-10 (vacating the district court's summary judgment ruling because the defendant had not met its burden at the removal stage "of establishing the existence of an assignment"); *Atl. ER Physicians Team*, 2021 WL 447.117, at *4 (noting that "[w]ithout any 'affirmative evidence,' federal courts are presumed not to have jurisdiction" and finding that the "absence of affirmative evidence" of a valid assignment of benefits weighed in favor of remand); *N. Jersey Spine Grp., LLC v. Blue Cross & Blue Shield of Mass., Inc.*, Civ. No. 17-13173, 2018 WL 2095174, at *2 (D.N.J. May 7, 2018) ("While it is true that [the p]laintiffs' claims could have potentially been brought under ERISA, [the d]efendants fail to provide any proof that Patient J.B. executed assignments of benefits in connection with his surgery such that ERISA would be applicable. . . . [c]ourts in this District have consistently remanded when no valid assignment of benefits has been presented.").  Indeed, Defendant argues in support of its Motion to Dismiss that the plan documents at issue contain an anti-assignment clause which precludes Plaintiff from bringing a claim under ERISA.  (*See* ECF No. 14-3 at 22 ("Plaintiff lacks standing to bring claims under ERISA [s]ection 502, 29 U.S.C. § 1132, due to the anti-assignment provisions in the Plan documents.").)[8]

---

[6]   *Pascack Valley Hosp.*, 388 F.3d at 401.

[7]   *Atl. ER Physicians Team*, 2021 WL 4473117, at *2.

[8]   Defendant submits that its argument based on the anti-assignment clauses in the underlying plan documents "should not be considered in determining whether subject matter jurisdiction

10

Because the first prong of the *Pascack Valley* test has not been met and complete preemption of the state-law claims has not been demonstrated, the Court need not examine the second prong of the test. S*ee Atl. Shore Surgical Assocs., P.C.*, 2024 WL 1704696, at *6 ("Given that [the p]laintiff's claims fail on *Pascack Valley's* first prong, the Court need not venture into the second prong."). Accordingly, the Court will remand this case to the Superior Court of New Jersey for further proceedings.[9]

## IV.   CONCLUSION & ORDER

For the reasons set forth above, and other good cause shown,

**IT IS** on this 30th day of January, 2025, **ORDERED** as follows:

1. Defendant's Motion to Dismiss (ECF No. 14) is **DENIED** as moot.

2. This matter is hereby **REMANDED** to the Superior Court of New Jersey, Law Division, Mercer County, due to a lack of subject-matter jurisdiction.

3. The Clerk's Office is directed to mail a certified copy of this Order to the Clerk of the New Jersey Superior Court.

---

exists," and it urges the Court to consider only the allegations in the SAC. (ECF No. 22 at 6.) Nevertheless, the allegations in the SAC are insufficient to establish complete ERISA preemption.

[9]   Because the Court is remanding for lack of subject-matter jurisdiction, it does not reach Defendant's remaining arguments as to whether Plaintiff's claims fail as a matter of law. *See Pascack Valley Hosp.*, 388 F.3d at 404 ("It may very well be that the [plaintiff's] breach of contract claim against the [defendant] will fail under state law, or that the [plaintiff]'s state law claims are pre-empted under § 514(a). These matters, however, go to the merits of the [plaintiff's] breach of contract claim, which can only be adjudicated in state court.").

4. The Clerk's Office is directed to **CLOSE** this case.

*/s/ Georgette Castner*
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**